```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


NORTH AMERICAN SPECIALTY                  CIVIL ACTION
INSURANCE COMPANY


VERSUS                                    NO: 05-1952


MELISSA P. BANK, WIFE OF/AND              SECTION: J(1)
IVAN B. BANK, AND A&T
CONSTRUCTION CO., INC.
```

**ORDER AND REASONS**

Before the Court is the **Motion to Stay Filed on Behalf of A&T Construction Co., Inc. (Rec. Doc. 38)**. This motion was set for hearing, without oral argument, on July 19, 2006. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that this motion should granted.

**Background**

On May 26, 2005, Plaintiff North American Specialty Insurance Company ("NAS") filed a Complaint for Declaratory Judgment in this court seeking a ruling on issues of insurance coverage regarding whether it owed Defendant A&T Construction, Inc. ("A&T") coverage, defense, and indemnity in claims brought by Melissa and Ivan Bank against A&T in Civil District Court in the Parish of Orleans in September of 2003 for a dispute regarding their newly constructed home in English Turn.

On May 11, 2006, this Court ordered that all parties submit memoranda to the court on the issue of whether this matter should be stayed.  It specifically instructed the parties to address (1) whether and to what extent could inconsistent factual determinations result in the two matters proceeding separately in federal and state court; (2) whether interests of judicial economy would be compromised if the two matters would be allowed to proceed in both state and federal court; and (3) whether this court should stay the proceeding if Defendant A & T decided to add Plaintiff as a defendant in the state court action. In June of 2006, the Banks brought NAS into their state court action via a supplemental and amending petition.  The trial of this matter is currently set for November 6, 2006.

### The Arguments

Defendant, A&T has requested that this Court stay the Complaint for Declaratory Judgment filed By Plaintiff NAS pending the outcome of the state law suit, which, it argues, involves the same issues and the same parties.  It asserts that a stay would promote judicial economy, preclude duplicative efforts, and prevent inconsistent findings.

Plaintiff NAS opposes Defendant's motion, arguing that this court should not abdicate its judiciary power to the state court proceedings because it was only just recently brought into the state proceedings (about 13 months after the state proceedings were filed).  Plaintiff argues that because it has only just been added to the state suit, if this court stays this matter (which

is set for trial in November of this year), it will lengthen the process for Plaintiff – who has only just been added to the state court suit.  Plaintiff essentially claims this forum is convenient to all parties and judicial economy will best be served by allowing this motion to proceed - as it is so near to resolution.

### The Law

District courts have "broad discretion to grant declaratory judgment." Wilton v. Seven Falls Co., 515 U.S. 277, 281, 115 S.Ct. 2137, 2140, 132 L.Ed.2d 214 (1995); Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc., 996 F.2d 774, 778 (5th Cir.1993).  The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such a declaration." 28 U.S.C. § 2201(a).  The Fifth Circuit requires the district court to balance on the record the purposes of the Declaratory Judgment Act and the factors relevant to the abstention doctrine when exercising its discretion. Travelers, 996 F.2d at 778 (citing Rowan Companies, Inc. v. Griffin, 876 F.2d 26, 28-29 (5th Cir.1989)).

The Supreme Court in Wilton explained how district courts should use discretion to abstain from entertaining a declaratory judgment action:

> [I]n deciding whether to enter a stay, a district court should examine the scope of the pending state court proceeding and the nature of defenses

>open there. This inquiry, in turn, entails consideration of whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding.

515 U.S. at 283 (internal citations omitted).  The Supreme Court reasoned that when another suit "involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court," a court's consideration of the declaratory judgment action may constitute "gratuitous interference." Id.

Prior to the Supreme Court's Wilton decision, the Fifth Circuit in Travelers set forth an abstention analysis similar to that used in Wilton. The Fifth Circuit explained that the following factors are relevant to the Court's determination of the abstention issue: (1)  whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the plaintiff in the declaratory action to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses and (6) whether retaining the lawsuit in federal court would serve the purpose of judicial economy. 996 F.2d at 778.

In Essex Ins. Co. v. Grefer, 2002 WL 1585604 (E.D. La. July

15, 2002), an insurer filed a declaratory judgment action against its insureds, seeking a determination of its obligation under the insurance policy to defend and indemnify its insureds in a pending state court action. The insureds sought to have the federal declaratory judgment action stayed pending the resolution of the underlying state court action.  Judge Vance determined that all the issues could be resolved in state court and staying the declaratory judgment action pending the outcome of the state court action would prevent duplication of judicial effort and inconsistent results.  Therefore, the action was stayed.

Judge Africk reached a different decision in <u>Federal Ins. Co. v. Southwest Materials, Inc. et al.</u>, 2003 WL 21634945 (E.D. La. July 3, 2003).  In <u>Federal Ins. Co.</u>,  Christopher Gobert, a Southwest employee, filed suit in state court against Southwest and another insurer, requesting damages for injuries he allegedly sustained at work.  Southwest made written demand upon its insurer, Federal, to provide it with a defense.  Federal refused, and instead, filed a declaratory judgment action in federal court for a determination of its obligations.  At the time Federal filed its declaratory judgment action, it had not yet been named as a defendant in the state court proceeding.  Approximately six months after Federal filed its declaratory judgment action, Gobert filed his seventh amended complaint, adding Federal as a Defendant in the state court action.  Southwest filed a motion to stay the federal declaratory judgment action.  Judge Africk found that the state and federal proceedings were not true parallel

proceedings in that the state court proceedings would not resolve all of the issues involved in the declaratory judgment suit. Specifically, Judge Africk noted that the issue of whether Federal had a duty to defend Southwest had not been raised in the state court action.

Judge Africk further found that even if the proceedings were parallel, he would not stay the proceeding. He noted that the state court proceeding had been filed for more than a year and Federal had only recently been added as a Defendant to the state court proceeding; therefore, he concluded that Federal had not filed its declaratory judgment action in anticipation of litigation. He also noted that judicial economy weighed in favor of exercising jurisdiction because the case was "ripe for complete resolution" [a summary judgment was pending] and forcing Federal to proceed in state court would ultimately force it to "begin anew" in its quest to obtain a judgment declaring that the policies it issued to Southwest did not cover the claims asserted by Gobert. Therefore, he denied the motion to stay.

Here, the coverage issues in the declaratory judgment action will have to be resolved in the pending state court proceeding so that the obligations of the parties can be determined. Also, Plaintiff NAS was just added by the Banks to the state court proceeding, so all the same parties are involved in the state court proceeding. If this case is not stayed, possible inconsistent policy interpretations and piecemeal litigation would certainly result. Also, similar to those in <u>Essex</u>, the

issues involved in this declaratory judgment action are solely state law issues, which are particularly suited for resolution by the state court.

Contrary to the <u>Federal Ins. Co.</u> case, no summary judgment has been filed and although the case it set for trial in November, arguing that it is "ripe for resolution" is a stretch. This Court, therefore, finds that granting the stay is warranted because the state court can comprehensively resolve all of the state law coverage issues in a forum that is just as convenient as this one. Moreover, litigating in only one forum will prevent unnecessary duplication of judicial effort and inconsistent policy interpretations. Accordingly,

**IT IS ORDERED** that the **Motion to Stay Filed on Behalf of A&T Construction Co., Inc. (Rec. Doc. 38)** should be and hereby is **GRANTED**. This Case is hereby stayed pending the outcome of the state court litigation.

New Orleans, Louisiana this 20th day of July, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE